UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――X
JULIANNE COOK, individually and on behalf :
of all others similarly situated, :
 :
                       Plaintiff, :
v. :   Case No.: 1:25-cv-03374(GHW)(KHP)
 :
LEGENDS INTERNATIONAL, LLC, :
                       Defendant.:
―――――――――――――――――――――――――――X
DOMINQUE BARLOW, individually and on behalf :
of all others similarly situated, :
                       Plaintiff, :
v. :   Case No.: 1:25-cv-03835(GHW)(KHP)
 :
LEGENDS INTERNATIONAL, LLC, :
                       Defendant. :
―――――――――――――――――――――――――――X
KATHERINE HELDRETH, individually and on behalf :
of all others similarly situated, :
                       Plaintiff, :
v. :   Case No.: 1:25-cv-04073(GHW)(KHP)
 :
LEGENDS INTERNATIONAL, LLC, :
                       Defendant. :
―――――――――――――――――――――――――――X

**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS
AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND SCHEDULING ORDER**

     This matter, having come before the Court by Plaintiffs in the above-captioned actions, by their Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel ("Motion") pursuant to Federal Rules of Civil Procedure 42 and 23(g), Memorandum in Support, and the Complaint in all actions, and having found that the cases assert some of the

1

same issues of fact and law, grow out of the same alleged data breach involving Legends International, LLC ("Legends International" or "Defendant"), have many of the same claims, and have proposed class definitions that will encompass the same persons, The Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases.[1] The Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions. Accordingly, because the Court finds that the Related Actions have sufficient commonality of law and fact and consolidation does not increase the risk of an unfair outcome, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. *Julianne Cook v. Legends International, LLC,* Case No.1:25-cv-03374 (S.D.N.Y);

*Domonique Barlow v. Legends International, LLC,* No. 1:25-cv-03835 (S.D.N.Y.); *Katherine Heldreth v. Legends International, LLC,* No. 1:25-cv-04073 (S.D.N.Y.); and all other actions (now and in the future) naming Legends International, LLC, as a defendant in connection with the Data Breach that occurred in November 2024 shall be consolidated pursuant to Federal Rule of Civil Procedure 42 under case number of the first-filed case 1:25-cv-03374 (the "Consolidated Action").

---

[1] This determination is made without prejudice to arguments that may be made on class certification under Rule 23 or in any other context regarding consolidation or coordinated treatment of the cases.

2. All papers filed in the Consolidated Action shall be filed under Case No. No.1:25- cv-03374 and shall bear the following caption: *In re Legends International, LLC, Data Breach Litigation*. Any action subsequently filed, transferred, or removed to The Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with it for pretrial, discovery, and trial purposes.

3. The Court hereby appoints Brittany Resch of Strauss Borrelli PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and William B. Federman of Federman & Sherwood as Interim Co-Lead Counsel to act on behalf of the Plaintiffs and the putative Class with the following responsibilities and sole authority to:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. Convene meetings amongst counsel;

    d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

    e. Delegate tasks to other plaintiffs' counsel to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

    f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

    g. Monitor the activities of all counsel to ensure that schedules and litigation

deadlines are being met and unnecessary expenditures of time and funds are avoided;

      h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

      i. Perform such other duties as may be incidental to the proper coordination Of Plaintiffs' pretrial activities or authorized by further order of The Court;

      j. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

      k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

      l. Allocate and apportion any Court awarded attorneys' fees, costs, and expenses;

      m. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

      n. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

4. Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to the above-referenced matters, any action filed in, transferred to, or removed to The Court which relates to the subject matter at issue in this case.

5. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Class Action Complaint within 45 days of this Order. Defendant need not respond to any of the

previously filed complaints in the Related Actions and will respond to the operative Consolidated Class Action Complaint within 60 days after it is filed. If Defendant's response is a motion to dismiss, filed according to the Court's procedures, Plaintiffs shall have 30 days to respond thereto, and Defendant 30 days to file a reply.

6. The Initial Case Management Conferences scheduled for July 24, 2025 in 25-cv-3835 and for August 11, 2025 in 25-cv-4073 are adjourned. Instead, an initial case management conference in this Consolidated Action shall be held on September 25, 2025 at 10:00 a.m. in Courtroom 17D.

**IT IS SO ORDERED.**

**Dated: June 18, 2025**

_____
**Katharine H. Parker**
**U.S. Magistrate Judge**